# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIAN G. GLADDEN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-18-0553-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DATE: June 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charity C. Emeronye Swift</u>, Esquire, and <u>Stephen Christopher Swift</u>, Esquire, Alexandria, Virginia, for the appellant.

<u>John B. Reese</u>, Bethesda, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to supplement the analysis regarding the appellant's discrimination claims, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as a GS-5 Medical Support Assistant at the Walter Reed National Military Medical Center. Initial Appeal File (IAF), Tab 4 at 89. His primary duty was to serve as a clerk at the front desk at the Hospital Dentistry Clinic. *Id.* at 24. Shortly after the appellant began to work at the front desk, the agency also appointed another front desk clerk who regularly worked with the appellant. *Id.* Almost immediately, the two had a strained working relationship, and the agency issued them identical letters of counseling regarding their "disruptive tension" in the workplace. *Id.* at 59-60, 65-66.

Several months later, the other front desk clerk and, to a far lesser extent, other coworkers, made allegations of sexual harassment against the appellant, and the agency conducted an investigation. IAF, Tab 4 at 23-60. Following the investigation, the agency proposed the appellant's removal on one charge of inappropriate conduct (three specifications) and one charge of "Violation of the Health Insurance Portability and Accountability Act (HIPAA) Privacy and Security Regulations" (four specifications). *Id.* at 67-70. Following the

appellant's written and oral responses, *id.* at 71-78, the deciding official issued a final decision, sustaining only the inappropriate conduct charge and removing the appellant from Federal service, *id.* at 84-85.

The appellant filed the instant appeal with the Board challenging his removal and asserting that it was the result of discrimination. IAF, Tabs 1, 20. Following a hearing, IAF, Tab 25, Hearing Compact Disc (HCD), the administrative judge issued an initial decision sustaining two of the three specifications of the inappropriate conduct charge and finding that the appellant failed to prove his affirmative defense of discrimination, IAF, Tab 29, Initial Decision (ID) at 8-10. She also found a nexus between the sustained charge and the efficiency of the service and that the penalty of removal was reasonable. ID at 10-13. The appellant has filed a petition for review of the initial decision, and the agency has responded.[2] Petition for Review (PFR) File, Tabs 3, 5. The appellant has also filed a reply to the agency's response. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved the charge of inappropriate conduct by preponderant evidence.

A charge of inappropriate conduct has no specific elements of proof; it is established by proving that the appellant committed the acts alleged in support of the broad label. *See Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006) (considering the charge of "improper conduct"); *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997) (stating that an agency need not affix any label to its charges and can instead describe actions that constitute misbehavior in narrative form and have its discipline sustained if the efficiency of the service suffers because of the misconduct). Specification A of the charge alleged that on August 23, 2016, the appellant was working at the front desk and made crude

---

[2] There is a question as to the timeliness of the petition for review, Petition for Review (PFR) File, Tabs 5-6, that we need not, and do not, resolve, given our disposition of the petition for review on the merits. *See, e.g., Alcantara v. Office of Personnel Management*, 88 M.S.P.R. 61, ¶ 3 n.* (2001).

comments that were sexual in nature to fellow coworkers. IAF, Tab 4 at 67. Specifically, it alleged that the appellant stated, while on duty and in front of two coworkers, "I think I will go back here and jerk off." *Id.* During the hearing, a Specialist and the other front desk clerk testified that the appellant made the comment referencing masturbation and that it made them uncomfortable. HCD (testimony of the Specialist and front desk clerk). The appellant testified to the contrary, stating that he did not make the comment or any other similarly inappropriate comment. HCD (testimony of the appellant).

When, as here, there is conflicting testimony concerning the appellant's conduct, and it is impossible to believe the testimony of witnesses on both sides, an administrative judge must make credibility determinations to properly resolve the case. *Vicente v. Department of the Army*, 87 M.S.P.R. 80, ¶ 7 (2000). In the initial decision, the administrative judge assessed the credibility of the Specialist, the other front desk clerk, and the appellant pursuant to the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 8. In doing so, she relied on their demeanors and the degree of consistency with other evidence in the record, such as statements made during the agency investigation into the appellant's conduct. ID at 8. She concluded that the Specialist and the other front desk clerk were more credible witnesses than the appellant and sustained the specification. *Id.*

On review, the appellant generally argues that the specification contains no specificity, such as the circumstances surrounding the alleged comment or the nature of the comment. PFR File, Tab 3 at 5-6. He also asserts that the other front desk clerk was biased because the two of them did not get along and that her testimony is therefore not credible. *Id.* at 6, 12-13. He further alleges that the Specialist's and the front desk clerk's testimony was contradictory because they could not agree about whether the alleged comment was made in reference to a jerked chicken lunch. *Id.*

The appellant's arguments do not provide a basis to disturb the initial decision. The two witnesses' testimony provided the degree of specificity that the appellant alleges the agency failed to show; they testified regarding the nature and circumstances surrounding the alleged comment, providing the date of the incident and the time of day, and explaining the expressions on the appellant's face and general demeanor when he made the comment. HCD (testimony of the Specialist and front desk clerk). Further, although there was a poor workplace history between the other front desk clerk and the appellant, the Board cannot discount testimony based solely on the potential bias of a witness. *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 12 (2001). Furthermore, although the appellant is correct that the other front desk clerk and the Specialist's testimony conflicted regarding whether the comment was made in reference to the jerked chicken lunch, the administrative judge acknowledged this discrepancy, but nevertheless found the Specialist, in particular, to be a credible witness because she testified in a "straightforward" and "clear" manner. ID at 8. Given this demeanor-based finding, we defer to the administrative judge's credibility determination. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (observing that the Board generally must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing). Accordingly, we decline to disturb the administrative judge's finding that the other front desk clerk and Specialist were more credible witnesses than the appellant. The appellant's attempts on review to have the Board reweigh this evidence are unpersuasive. PFR File, Tab 3 at 5-7; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Specification C[3] of the charge alleges that, on August 8, 2016, while speaking to a coworker about the television show "Law and Order," the appellant stated to the Specialist that "pedophiles get off on [a] baby's natural sucking reflex." IAF, Tab 4 at 67. At the hearing, the Specialist testified regarding the incident, stating that the appellant made that statement to her and that she had to ask him several times to stop talking about it before he quit. HCD (testimony of the Specialist). The appellant acknowledged that he made the comment, but claimed that it was "academic in nature" and stopped talking about it when the Specialist asked him to. HCD (testimony of the appellant); PFR File, Tab 3 at 10-11. The administrative judge credited the Specialist's testimony, in part because it was consistent with her prior statements during the investigation, and she sustained the specification. ID at 9.

On review, the appellant argues that the agency viewed the comment in the wrong context and that it was not harassment[4] because he was discussing the "punishment for pedophiles." PFR File, Tab 3 at 10-11. These arguments are unconvincing. The Specialist testified that she knew "where [the appellant] was going" with his comments and that they made her uncomfortable, particularly because she had two children. HCD (testimony of the Specialist). The administrative judge credited the Specialist's testimony, emphasizing that she provided it "in an earnest manner." ID at 9. The appellant's arguments on review are not sufficient to disturb this demeanor-based credibility finding. *Haebe*, 288 F.3d at 1301 (stating that the Board may overturn demeanor-based credibility determinations only when it has "sufficiently sound" reasons to do so);

---

[3] Although the appellant included in his petition for review arguments that addressed Specification B, PFR File, Tab 3 at 7-9, the administrative judge did not sustain that specification, ID at 8-9, and the agency has not challenged that determination in its response to the appellant's petition for review, PFR File, Tab 5. As such, it is not necessary to consider the appellant's arguments regarding that specification.

[4] To the extent the appellant characterizes the agency's charge as one of sexual harassment in his petition for review, PFR File, Tab 3 at 10, he is mistaken. The agency charged him with inappropriate conduct. IAF, Tab 4 at 67.

*see Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004) (stating that "sufficiently sound" reasons for overturning an administrative judge's demeanor-based credibility determinations include circumstances when the administrative judge's findings are incomplete, inconsistent with the weight of evidence, and do not reflect the record as a whole).

Based on the foregoing, we agree with the administrative judge's decision to sustain the charge, and we will not disturb it.

<u>The appellant failed to prove his affirmative defenses of Title VII and age discrimination.</u>

The appellant asserted as an affirmative defense that his removal was the result of race, color, sex, religion, national origin, and age discrimination. IAF, Tab 20. An appellant alleging discrimination must prove that such discrimination was at least a motivating factor in the agency's employment decision. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 21.

Here, the administrative judge considered the appellant's assertion that his age, race, color, sex, religion, and national origin played a "major role" in the way he was perceived. ID at 10. She found, however, that he failed to submit any evidence supporting his claim, either in response to the affirmative defenses order, in his prehearing submission, or at the hearing. *Id.* She also concluded that the record did not contain any evidence that the responsible management officials were motivated by discriminatory factors. *Id.*

On review, the appellant reasserts his discrimination claim and appears to argue that he was discriminated against because his "accusers" were of a different age, sex, race, and national origin. PFR File, Tab 3 at 4, 13. Although this statement may be true, it does not prove that the appellant's age, sex, race, and national origin were motivating factors in his removal. Further, the deciding official specifically testified that he did not consider the appellant's age, race, sex, national origin, or religious faith when he effected the removal action. HCD (testimony of the deciding official). The administrative judge did not

discuss this testimony or make an explicit credibility finding on this point, ID at 10, but the appellant bears the burden of proof on his affirmative defense, *see* 5 C.F.R. § 1201.56(b)(2)(i)(C). We find that the appellant has not proven by preponderant evidence that any of the prohibited categories discussed above were motivating factors in his removal, and we discern no basis to disturb in the initial decision in this regard. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

The penalty of removal is reasonable.[5]

When, as here, the Board sustains the agency's charges, but not all of the specifications of those charges, it will review the agency-imposed penalty to determine whether it is within the parameters of reasonableness. *Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶ 10 (2004), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005). The Board's function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management's judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeds the bounds of reasonableness. *Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20.

Here, the deciding official completed a *Douglas* factor worksheet and reiterated his conclusions at the hearing. IAF, Tab 4 at 79-83; HCD (testimony of

---

[5] As noted, the administrative judge found that the appellant's misconduct had a nexus to the efficiency of the service. ID at 10-11. The appellant has not challenged that finding on review, and we discern no reason to disturb it.

the deciding official). He testified that removal was reasonable considering the nature of the appellant's workplace and the importance of maintaining integrity in that environment. HCD (testimony of the deciding official). He further testified that he consulted the agency's table of penalties and that removal was consistent with the suggested penalty for inappropriate behavior that was sexual in nature. *Id.* He also testified that he considered that the appellant exhibited a pattern of inappropriate conduct without signs of improvement and concluded that he lacked the potential for rehabilitation. IAF, Tab 4 at 82. He considered the appellant's past disciplinary history, noting that he had a record of inappropriate conduct, *id.* at 80, as well as mitigating factors, such as the appellant's performance and strained work relationship with the other front desk clerk, but concluded that they were overshadowed by the negative climate created by his offenses, *id.* at 81-82. In the initial decision, the administrative judge found that the deciding official properly weighed the relevant *Douglas* factors in affirming the removal, and she credited his testimony based on his demeanor and its consistency with the written record. ID at 12.

On review, the appellant argues that both the administrative judge and the deciding official erred in sustaining the penalty of removal. PFR File, Tab 3 at 11-13. He argues that the administrative judge improperly considered the second charge that was included in the proposal action but not sustained by the deciding official in finding that the penalty of removal was reasonable. *Id.* at 3. Although the administrative judge discussed the second charge that was not sustained by the deciding official in the background section of the initial decision, there is no indication that she considered the charge in her assessment of the reasonableness of the penalty of removal. ID at 11-13.

Additionally, the appellant generally argues that the deciding official's penalty analysis was not sufficient for a variety of reasons, including that he failed to explain why the table of penalties on which the he relied was relevant and why he did not find the appellant dependable, or how the misconduct

rendered him unable to perform his job. PFR File, Tab 3 at 11-13. He also contends that the deciding official's finding that he lacked the potential for rehabilitation was "incendiary, demeaning, and humiliating" because it likened him to "a criminal in prison, whose issue was about rehabilitation from his past crime." *Id.* at 11.

The appellant's arguments are unconvincing. Whether an employee has the potential for rehabilitation and whether the proposed penalty is consistent with the agency's table of penalties are both relevant factors for a deciding official to consider when determining the appropriate penalty. *Douglas*, 5 M.S.P.R. at 305. Here, the table of penalties indicates that the similar charge of conduct unbecoming a Federal employee, which also has a broad label but is accompanied by a narrative detailing alleged misconduct, *see Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010), warrants a penalty in the range of a 5-day suspension to a removal after the first offense. IAF, Tab 4 at 115. Thus, we see no error in the deciding official's reliance on the table of penalties to determine the appropriate penalty. Further, the deciding official testified at length why he believed the appellant was no longer dependable or able to perform his duties, focusing on the environment created by the misconduct and the agency's mission of dealing with veterans. HCD (testimony of the deciding official); IAF, Tab 4 at 80. After our review of the hearing testimony and the written *Douglas* factor analysis, we find that that the deciding official weighed the relevant factors, including mitigating factors, before concluding that removal was the appropriate penalty. IAF, Tab 4 at 79-83; HCD (testimony of the deciding official).

Because the deciding official properly considered *Douglas* factors, we only review the penalty to determine whether it is reasonable. *See Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20. We agree with the administrative judge that it is. In assessing whether the agency's selected penalty is within the tolerable limits of reasonableness, the most important factor is the nature and seriousness of the

misconduct and its relation to the employee's duties, position, and responsibilities. *Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006), *aff'd*, 224 Fed. App'x 974 (Fed. Cir. 2007). The Board has found that conduct similar to the appellant's is serious and may warrant removal. *See, e.g.*, *Social Security Administration v. Carr*, 78 M.S.P.R. 313, 325-27, 341, 343 (1998) (finding that good cause existed for removal of an administrative law judge when she engaged in persistent use of vulgar and profane language, sexual harassment, and ridicule, and made demeaning comments, even if they were intended as jokes, when aggravating factors were present such as a prior reprimand, a relatively brief Federal tenure of less than 4 years, difficulty with interpersonal relationships in the office, and lack of potential for rehabilitation), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999); *Wilson v. Department of Justice*, 68 M.S.P.R. 303, 310-11 (1995) (concluding that disrespectful conduct manifested by the use of abusive, language is unacceptable and not conducive to a stable working atmosphere and is grounds for removal). Further, the appellant's duties and responsibilities require him to deal with the public, specifically with veterans, is a relevant factor and may be considered aggravating. *See Douglas*, 5 M.S.P.R. at 305-06.

In addition to these factors and the previously discussed table of penalties, the record also reflects that the appellant had prior discipline, which the deciding official considered. IAF, Tab 4 at 80. The record contains two letters of counseling and a letter of reprimand, which concern performance issues and the appellant's ability to get along with coworkers.[6] *Id.* at 61-66. The record further indicates that the appellant had been appointed to his position with the agency in April of 2016, giving him less than 2 years of service. IAF, Tab 4 at 28. Based on the foregoing, we find removal to be within the bounds of reasonableness. The appellant's mere disagreement with the weight the deciding

---

[6] Although two of these letters were issued after the appellant engaged in the charged misconduct, and, therefore, generally could not be considered as prior discipline, *see Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 6 (2001), they nonetheless are relevant to the appellant's potential for rehabilitation.

official afforded to each *Douglas* factor provides no basis to disturb the initial decision. *See Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 25 (2013) (explaining that the issue in determining whether the Board should exercise its mitigation authority is not whether the *Douglas* factors could have been weighed differently but whether the agency considered the relevant *Douglas* factors and reasonably exercised management discretion in making its penalty determination).

<u>The appellant has not presented any new and material evidence that warrants a reversal of the initial decision.</u>

On review, the appellant seeks to resubmit three documents with his petition for review, which include: (1) the final decision of removal; (2) an email regarding Specification B of the charge of inappropriate conduct; and (3) a summary document of the internal investigation into the appellant's misconduct. PFR File, Tab 3 at 15-27. However, all three of these documents are included in the record below in the agency file, and, therefore, are not new. IAF, Tab 4 at 23-33, 55, 84-85; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (concluding that evidence that was in the record below and was considered by the administrative judge is not new simply because a party believes that the evidence was not properly weighed or considered by the administrative judge). Moreover, the appellant has not explained how any of these documents would have a material impact on, or would change the outcome of, his appeal. Accordingly, we find that the additional documents provide no basis for granting review. *See* 5 C.F.R. § 1201.115(d) (providing that the Board will grant a petition for review based on new and material evidence).

We have considered all of the appellant's arguments on review but have concluded that a different outcome is not warranted. Accordingly, we DENY the appellant's petition for review and AFFIRM the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.